UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RYAN YARTE,

    Plaintiff,

v.

CHHJ SEATTLE, LLC, *et al.*,

    Defendants.

Case No. C18-1033RSL

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

This matter comes before the Court on "Plaintiff's Motion for Partial Judgment on the Pleadings Pursuant to Federal Rule of Civil Procedure 12(c)." Dkt. #13. For the following reasons, plaintiff's motion is GRANTED in part.

## **INTRODUCTION**

Beginning in April 2018, Plaintiff Ryan Yarte was an employee of defendant CHHJ Seattle, LLC. Dkt. #20 at ¶¶ 3.15–3.17; Dkt. #15 at 2. The parties dispute the time and circumstances of plaintiff's termination. Yarte asserts that when CHHJ offered him employment, he informed CHHJ of his upcoming Marine Corps Reserve drill. Dkt. #20 at ¶ 3.16. CHHJ responded by offering Yarte employment in two "periods." Ex. A, Dkt. #16-1

ORDER GRANTING IN PART PLAINTIFF'S
MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS - 1

at 2. Period 1 began on April 18, 2018 and ended on May 29, 2018, prior to Yarte's Reserve drill. Id.; Dkt. #20 at ¶ 3.29. Period 2 was set to begin on June 25, 2018, following the completion of his drill. Ex. A, Dkt. #16-1 at 2; Dkt. #20 at ¶ 3.29. Plaintiff participated in drill with his Marine Corps Reserve unit from May 31, 2018 to June 22, 2018. Dkt. #20 at ¶ 3.29. Plaintiff alleges that he was terminated on June 24, 2018. Dkt. #20 at ¶ 3.30. Defendants deny that allegation and do not offer a specific date of termination. Dkt. #12 at 4, ¶ 37. Defendants allege that the first period concluded as agreed upon, and the second period "never occurred." Dkt. #15 at 2.

In his Complaint, plaintiff alleges that defendants failed to pay him overtime during period 1, willfully withheld wages, and terminated him in violation of the Uniformed Services Employment and Reemployment Rights Act (USERRA), 38 U.S.C. § 4301, et seq. Dkt. #1. Defendants answered by denying several of plaintiff's facts and allegations and raising eleven affirmative defenses. Dkt. #12. Defendants' Answer denies that this Court has jurisdiction (Id. at 2, ¶ 6), denies that it is an "employer" within the meaning of USERRA (Id. at 2, ¶ 9), and asserts that plaintiff's claim must fail because "a mandatory element of the statute has not been met" (Id. at 7, ¶ 10). Plaintiff moved for judgment on the pleadings on these three issues. Dkt. #13. Defendants admitted jurisdiction in their response, but continue to contest their status as an "employer" under USERRA and whether all mandatory statutory elements have been met. Dkt. #15. Because federal jurisdiction is proper and the parties no

ORDER GRANTING IN PART PLAINTIFF'S
MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS - 2

longer dispute it,[1] the Court will consider the two remaining issues.[2] Plaintiff also requests a finding that defendants' Answer does not comply with Fed. R. Civ. P. 11(b) with respect to these three issues. Dkt. #13 at 5.

## DISCUSSION

"Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." Hal Roach Studios, Inc. v. Richard Feiner and Co., 896 F.2d 1542, 1550 (9th Cir. 1990). The Court must "accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." Fleming v. Pickard, 581 F.3d 922, 925 (9th Cir. 2009).

**A. USERRA "Employer"**

USERRA defines "employer" as:

> **(A)** Except as provided in subparagraphs (B) and (C), the term "employer" means any person, institution, organization, or other entity that pays salary or wages for work performed or that has control over employment opportunities, including—
> **(i)** a person, institution, organization, or other entity to whom the employer has delegated the performance of employment-related responsibilities;
> **(ii)** the Federal Government;
> **(iii)** a State;
> **(iv)** any successor in interest to a person, institution, organization, other entity referred to in this subparagraph; and
> **(v)** a person, institution, organization, or other entity that has denied initial employment in violation of section 4311.

---

[1] See Dkt. #15 at 2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331.
[2] In deciding this motion, the Court has considered CHHJ's employment offer (Ex. A, Dkt. #16-1) as it was incorporated by reference in plaintiff's Complaint. Dkt. #1 at ¶¶ 3.15–3.16. The Court has not considered the Declarations of Marianne K. Jones or Spencer Nathan Thal.

ORDER GRANTING IN PART PLAINTIFF'S
MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS - 3

38 U.S.C. § 4303(4)(A). Defendants argue that CHHJ did not employ plaintiff after his military service and, therefore, CHHJ was not his employer for purposes of USERRA. Dkt. #15 at 2. Even if that is true, that does not remove CHHJ from the meaning of "employer" under the statute. Defendants admit that plaintiff was an employee of CHHJ at some point. Dkt. #12 at 2; Dkt. #15 at 2–3. The disputed circumstances of plaintiff's termination are not relevant to the determination of whether CHHJ is an employer within the meaning of USERRA. As plaintiff points out, CHHJ could not have terminated the relationship with plaintiff prior to period 2 if CHHJ was not plaintiff's "employer." Dkt. #17 at 2–3. Accordingly, CHHJ is an employer within the meaning of USERRA.

### B. Mandatory Statutory Provisions

Defendants' tenth affirmative defense alleges that a "mandatory element of the statute has not been met and therefore Yarte's claim must fail." Dkt. #12 at 7, ¶ 10. Defendants do not indicate which statute they have in mind or what elements have not been met, but plaintiff assumes defendants are referring to an administrative requirement in USERRA. Dkt. #13 at 4. In response, defendants do not address plaintiff's arguments or mention the administrative requirement. Dkt. #15 at 4–5. Instead, defendants list several other USERRA provisions and allege that those have not been met. Dkt. #15 at 5. Plaintiff argues that USERRA contains no administrative prerequisite to suit and, therefore, requests that defendants' tenth affirmative defense be dismissed. Dkt. #13 at 4–5.

The Court treats this request as a motion to strike. See California Expanded Metal Prod. Co. v. Klein, No. C18-0659-JLR, 2018 WL 6249793, at *7 (W.D. Wash. Nov. 29,

ORDER GRANTING IN PART PLAINTIFF'S
MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS - 4

2018) ("Accordingly, motions to dismiss affirmative defenses are in substance motions to strike pursuant to Rule 12(f) and are properly treated as such.") (citing <u>Nelson v. U.S. Fed. Marshal's Serv.</u>, No. C16-5680BHS-JRC, 2017 WL 1037581, at *2–3 (W.D. Wash. Mar. 17, 2017)). Motions to strike are disfavored. <u>F.T.C. v. Debt Sols., Inc.</u>, No. C06-298-JLR, 2006 WL 2257022, at *1 (W.D. Wash. Aug. 7, 2006). To succeed, plaintiff must show that "there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed." <u>Kerzman v. NCH Corp.</u>, No. C05-1820-JLR, 2007 WL 765202, at *7 (W.D. Wash. Mar. 9, 2007) (quoting <u>Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.</u>, 217 F.Supp.2d 1028, 1032–33 (C.D. Cal. 2002)). Plaintiff requests dismissal, however, based on an argument defendants never made. <u>See</u> Dkt. #12; Dkt. #13. The administrative requirement does not appear to be the basis of defendants' affirmative defense, and defendants allege additional lacking elements. Dkt. #15 at 4–5. Accordingly, to the extent plaintiff has filed a motion to strike this defense, that motion is DENIED.

**C. Fed. R. Civ. P. 11(b)**

Plaintiff argues that defendants' Answer does not comply with Fed. R. Civ. P. 11(b) with respect to denying the Court's jurisdiction, denying status as an employer under USERRA, and raising the affirmative defense at issue. Dkt. #13 at 5. Fed. R. Civ. P. 11(b) provides that every filing, pleading, motion, or other paper submitted to the Court constitutes a certification that it "is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." If a court determines

ORDER GRANTING IN PART PLAINTIFF'S
MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS - 5

that an attorney or unrepresented party has violated Rule 11(b), it may impose monetary or nonmonetary sanctions to deter similar conduct in the future. Fed. R. Civ. P. 11(c).

Under Rule 11, motions for sanctions must be filed separately and not simply included as an additional request for relief in another motion. Fed. R. Civ. P. 11(c)(2). Before filing a Rule 11 motion, a party must serve that motion on the opposing party twenty-one days before filing it with the court. Id. This mandatory "safe harbor" provision gives the opposing party the opportunity "to cure defects and, ideally, eliminates the need for filing the motion." Allers-Petrus v. Columbia Recovery Grp., LLC, No. C08-5533-FDB, 2009 WL 1160061, at *2 (W.D. Wash. Apr. 29, 2009). Plaintiff made no effort to comply with the safe harbor provision of Rule 11 and did not file a separate motion. See Dkt. #13. The Court therefore DENIES plaintiff's motion for sanctions.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for partial judgment on the pleadings is GRANTED in part. The remainder of plaintiff's motion is DENIED.

Dated this 29th day of May, 2019.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART PLAINTIFF'S
MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS - 6